UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK MCSMITH                    CIVIL ACTION

VERSUS                                        NUMBER: 08-0126

PAUL R. VALTEAU, JR.                          SECTION: "C"(5)

### REPORT AND RECOMMENDATION

The above-captioned matter is before the Court pursuant to an order of reference from the District Judge. (Rec. doc. 6).

Plaintiff alleges that he has been denied meaningful access to the courts in that the named defendant, the Civil Sheriff for the Parish of Orleans, has failed to serve amended complaints filed between November 26, 2007 and December 6, 2007 against some twenty-six food establishments plaintiff named as defendants in a lawsuit pending in the Orleans Parish Civil District Court, No. 06-12309 "I". In his statement of claim herein, plaintiff avers as follows:

> [p]laintiff has provided defendant with attachment one and as of to date the amended complaints listing the relevant defendants have not bene served in a

> timely manner which explains the presence of this complaint <u>seeking for defendant to effectuate service of process upon the relevant defendants</u>.

> Complt. at p. 2 (emphasis added).

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Eason v. Thaler</u>, 14 F.3d 8, 9(5th Cir. 1994), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

In order for a plaintiff to prevail on a claim for denial of access to the courts under 42 U.S.C. §1983, he must show that he suffered some actual injury.[1]/  <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174 (1996).  Plaintiff's complaint was tendered to the Court on January 7, 2008 and he makes no showing of any demonstrable injury resulting from the four to five week delay in

---

[1]/ Although plaintiff is a non-prisoner, he possesses no greater right to court access than do prisoners.  <u>See</u> <u>Chalmers v. Wilhelm</u>, 2001 WL 1142706 at *2 n. 2 (N.D. Tex. 2001).

serving the amended complaints in his state court lawsuit. Moreover, plaintiff's sole stated purpose in filing this matter is to obtain an order directing the named defendant to perform his duty of serving the amended complaints in that pending state court suit. Such relief sounds entirely in the nature of mandamus directing the Civil Sheriff to perform his service duties. On that score, the law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties. See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997); Russell V. Knight, 488 F.2d 96 (5th Cir. 1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118TH Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1980).

Finally, the Court has telephonically confirmed that all of the amended complaints plaintiff filed in case No. 06-12309 "I" on the docket of the Orleans Parish Civil District Court were dismissed on January 11, 2008 as being unrelated to the original claim presented in that case against Stor-All.[2]/

---

[2]/ Plaintiff has previously sued the Honorable Piper Griffin, the judge presiding over case No. 06-12309 "I", regarding her handling of a motion for injunctive relief he had filed in that state court proceeding. See McSmith v. Griffin, et al., 06-CV-9828 "I"(1).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's lawsuit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  8th  day of  February , 2008.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE